IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:15-cv-02415-YY |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **PACIFIC COAST MARITIME AGENCY**, **PAUL SOGOTIS**, Individually, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff United States of America brings this civil action against Defendants under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733. On December 29, 2015, Plaintiff filed a Complaint alleging that Defendants submitted false and fraudulent claims and statements to the United States by knowingly engaging in systemic and fraudulent overstatement of services rendered to the United States Transportation Maritime Administration (commonly known as "MARAD") in violation of 31 U.S.C. § 3729(a)(1)(A). Defendant Paul Sogotis ("Sogotis") has failed to appear in this action or answer the complaint served on him February 25, 2016. Before the Court is Plaintiff's Motion for Default Judgment against Defendant Sogotis under Federal Rule of Civil Procedure 55(b)(2). ECF 15. For the following reasons, the Court grants in part

Plaintiff's motion, and will enter a default judgment against Defendant Sogotis in the amount of $225,769.51.

## STANDARDS

Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV*, 503 F.3d at 852

PAGE 2 – OPINION AND ORDER

(noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72. The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## BACKGROUND

Because a default has been entered against Sogotis, the facts as alleged by Plaintiff, except those relating to damages, are taken as true and are summarized herein. Defendant Pacific Coast Maritime Agency ("PCMA") is a corporation with its principal place of business in California. It is a shipping agent and conducts business along the sea ports of the Pacific Coast, including Portland. Sogotis was at all relevant times President of PCMA.

From 2009 to 2011, Interocean American Shipping ("IAS") contracted with PCMA to serve as a ship agent to obtain tug services for the vessels in the District of Oregon. IAS was serving as a general agent for MARAD, to manage MARAD's Pacific vessels. MARAD is an agency of the United States Department of Transportation.

Under its contract with IAS, PCMA retained Shaver Transportation Company ("Shaver") to provide services to the vessels in the District of Oregon. Shaver performed all services as requested and fully performed all of its obligations to Defendants. Shaver submitted invoices to PCMA for those services. PCMA and Sogotis knowingly participated in a fraudulent scheme to

falsely claim and receive payment from the United States by knowingly altering the Shaver

invoices before submitting them for payment. Under the scheme, PCMA increased certain

charges and deleted discounts provided by Shaver. On 11 separate occasions, PCMA submitted

altered invoices to IAS and MARAD for payment. MARAD paid the altered invoices, resulting

in an overpayment of $56,923.17 to PCMA. Defendants knew of these fraudulent practices and

false statements. Defendants accepted, condoned, and used those fraudulent practices and false

statements to increase their own earnings and profits, resulting in a loss of money to the United

States.

On December 29, 2015, Plaintiff filed its complaint in this case, asserting that Defendants

violated the FCA by knowingly presenting or causing to be presented to MARAD false or

fraudulent claims for payment and by knowingly making or using a false record or statement

material to a false or fraudulent claim. The Complaint includes the following chart that identifies

the false invoices submitted to the United States:

| Invoice Number | Invoice Date | Final Payment | Genuine Invoice | Altered Invoice | Difference |
|---|---|---|---|---|---|
| 216326 | 09/02/2009 | 12/30/2009 | $5,076.00 | $7,153.00 | $2,077.00 |
| 216460 | 10/19/2009 | 12/30/2009 | $5,076.00 | $7,153.00 | $2,077.00 |
| 217757 | 04/30/2010 | 09/26/2010 | $5,741.84 | $7,217.00 | $1,475.16 |
| 217929 | 05/28/2010 | 10/28/2010 | $5,276.00 | $7,217.00 | $1,941.00 |
| 219441 | 01/24/2011 | 03/30/2011 | $5,690.08 | $7,217.00 | $1,526.92 |
| 219586 | 02/18/2011 | 05/05/2011 | $6,568.75 | $14,687.00 | $8,118.25 |
| 219587 | 02/18/2011 | 05/05/2011 | $35,672.09 | $55,198.75 | $19,526.66 |
| 219605 | 02/22/2011 | 05/05/2011 | $9,156.25 | $20,345.00 | $11,188.75 |
| 219606 | 02/22/2011 | 05/05/2011 | $9,801.08 | $10,812.60 | $1,011.25 |
| 219826 | 04/04/2011 | 08/31/2011 | $6,840.00 | $10,125.00 | $3,285.00 |
| 220215 | 05/31/2011 | 08/31/2011 | $6,947.09 | $11,643.75 | $4,695.91 |
|  |  |  |  |  |  |
| Total |  |  | $101,845.09 | $158,769.10 | $56,923.17 |

Sogotis properly was served with a copy of the summons and complaint on February 25, 2016. ECF 10. Sogotis has not answered or otherwise appeared in this action. The Court entered an order of default against Sogotis on May 31, 2016. ECF 13. On August 11, 2016, Plaintiff filed a motion for default judgment against Sogotis seeking $113,846.34 (double the amount of the alleged overcharge of $56,923.17),[1] plus civil penalties in the amount of $55,000 ($5,000 for each of the 11 false claims Defendant presented), for a total requested judgment of $168,846.34. ECF 15.

## DISCUSSION

### A.  Standards

Under 31 U.S.C. § 3729(a)(1), any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," is liable under the FCA. *See* 31 U.S.C. § 3729(a)(1)(A), (B). The factual assertions in Plaintiff's Complaint, summarized above, establish those elements. Accordingly, a judgment of default is appropriate in this case. The Court now turns to the proper amount of that default.

Generally, any person who violates 31 U.S.C. § 3729(a)(1) "is liable to the United States Government for . . . 3 times the amount of damages which the Government sustains because of the act of that person," as well as "a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990." 31 U.S.C. § 3729(a)(1). The civil penalty as relevant to Plaintiff's claims is $5,500 to $11,000.

---

[1] In its Complaint, Plaintiff requested treble damages (plus civil penalties). *See* ECF 1. In its Motion for Default Judgment, Plaintiff appears to explain the reduced damages request as aimed at increasing the likelihood of default judgment against Sogotis. *See* ECF 15 at 5 ("The sum of money at stake, considered in [*Eitel*] factor four, is large, but is not excessive in light of the Defendant's conduct. In addition, the United States is requesting the minimum amount of damages provided for under the False Claims Act . . . . ").

*See* 28 CFR § 85.3(a)(9) (establishing that for FCA violations occurring after September 29, 1999 and before November 2, 2015, the penalty is a minimum of $5,500 and maximum of $11,000); *see also Horn & Associates, Inc. v. United States*, 123 Fed. Cl. 728, 762 n.76 (2015) (noting that "[t]he Department of Justice, by regulation, has increased the penalties for FCA violations to a minimum of $5,500.00 and a maximum of $11,000.00"). The amount of damages sustained by the United States is ordinarily "the amount that it paid out by reason of the false statements over and above what it would have paid if the claims had been truthful." *United States v. Mackby*, 339 F.3d 1013, 1018 (9th Cir. 2003).

A court has discretion under certain circumstances to assess reduced damages in the amount of double (versus treble) damages. 31 U.S.C. § 3729(a)(2). Reduced damages may only be assessed if the court finds:

> (A) the person committing the violation of this subsection furnished officials of the United States responsible for investigating false claims violations with all information known to such person about the violation within 30 days after the date on which the defendant first obtained the information;
>
> (B) such person fully cooperated with any Government investigation of such violation; and
>
> (C) at the time such person furnished the United States with the information about the violation, no criminal prosecution, civil action, or administrative action had commenced under this title with respect to such violation, and the person did not have actual knowledge of the existence of an investigation into such violation[.]

*Id.*

## B. Analysis

Plaintiff provided to the Court copies of both the original invoices and the altered invoices. ECF 15-2. Plaintiff also provided the sworn declaration of the investigator into the allegations against Defendants. *Id.* This investigator reviewed the relevant documents, confirmed

that the invoices submitted by Defendants had been altered, and verified the amount of the overpayment. *Id.* Accordingly, the Court finds that Plaintiff has properly calculated the amount of damages sustained in this case by the United States. *See Mackby*, 339 F.3d at 1018 (noting that damages equal the amount overpaid by the government).

Regarding the requirement of treble or double damages, Plaintiff requests only double damages. Plaintiff has failed, however, to assert any basis upon which the Court may award reduced damages in this case. Plaintiff has not alleged or otherwise shown that Sogotis in any way or at any time furnished officials of the United States with information relevant to the false claims or cooperated with any Government investigation of those claims, let alone did so before this case was filed or Sogotis was aware of the investigation into his actions. Absent such assertions, the Court lacks the discretion to reduce damages below the otherwise statutorily mandated treble amount. *See Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 785 n. 16 (2000) (concluding that the exception for reduced damages "applies *only* in some of those (presumably few) cases involving defendants who provide information concerning the violation before they have knowledge that an investigation is underway" (emphasis added)); *see also U.S. ex rel. Kozak v. Chabad-Lubavitch Inc.*, 2015 WL 2235389, at *12 (E.D. Cal. May 11, 2015) (noting that 31 U.S.C. § 3729(a)(1) "makes imposition of treble damages *mandatory*") (emphasis added). Plaintiff provides no contravening authority to support that the Court has the ability to award reduced damages absent the requisite findings of 31 U.S.C. § 3729(a)(2). The Court finds that it lacks the discretion to grant Plaintiff's request for reduced damages in this case. Instead, the Court awards the statutorily required amount of treble the damages of $56,923.17, for a total damages award of $170,769.51. *See* 31 U.S.C. § 3729(a)(1).

The Court also lacks the discretion to grant Plaintiff's requested civil penalties of $55,000 ($5,000 for each of Sogotis's 11 false claims). As noted above, the current penalty range is $5,500 to $11,000. "In addition to treble damages, the FCA *requires* a court to award" an amount within the statutorily set range "for *each* false claim or statement submitted to the government[.]" *In re Schimmels*, 85 F.3d 416, 419 n.1 (9th Cir. 1996) (emphasis added); *accord Horn*, 123 Fed. Cl. at 762 n.76; *see also U.S. ex rel. Kozak*, 2015 WL 2235389, at *12 (stating that when a court finds that a defendant submitted false claims to the government, the FCA "mandates" a civil penalty of not less than $5,500 for each violation). The Court thus lacks the discretion to grant Plaintiff's request for a civil penalty of only $5,000 per violation. Instead, the Court awards the statutorily required minimum penalty of $5,500 for each of Sogotis's false claims, for total penalties of $55,000.

## CONCLUSION

Plaintiff's motion for default judgment (ECF 15) is GRANTED IN PART. Defendant Paul Sogotis is ordered to pay Plaintiff damages of $170,769.51, plus civil penalties in the amount of $55,000, for a total award of $225,769.51.

**IT IS SO ORDERED**.

DATED this 29th day of September, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge